**COMMONWEALTH of Pennsylvania,**
**Respondent,**

v.

**Jarmaine Q. TRICE, Petitioner.**

Supreme Court of Pennsylvania.

Aug. 14, 1998.

Joel S. Moldovsky, Philadelphia, for petitioner.

### ORDER

PER CURIAM.

AND NOW, this 14th day of August 1998, the Petition for Allowance of Appeal is granted, limited to the issue of whether the common pleas court erred by denying the motion for severance thereby resulting in the violation of Petitioner's Sixth Amendment right of confrontation upon the admission of statements given by his nontestifying codefendants.

■

**John A. CYLC, Appellant,**

v.

**M. Darlene CYLC, Appellee.**

Supreme Court of Pennsylvania.

Submitted March 4, 1997.

Decided Aug. 18, 1998.

Harvey E. Robins, Pittsburgh, for appellant.

M. Farley Schlass, Pittsburgh, for appellee.

### ORDER

PER CURIAM.

On October 10, 1995, Appellant filed in the Superior Court a *pro se* Notice of Appeal "from the Order entered in this matter on the 29th day of September, 1995, denying Reconsideration of the Order entered August 17, 1995[,] granting Plaintiff's Petition for Leave to Sell Real Estate." Although this *pro se* filing was designated as an appeal from an order denying reconsideration, there was no such order since reconsideration had never been sought. The September 29, 1995 order was a denial of Appellant's "Emergency Motion for Relief," filed that same day. Appellant's *pro se* notice of appeal should have been construed as an appeal from the order denying the "Emergency Motion for Relief," in which case it was timely filed and should not have been quashed as untimely by the Superior Court.

The order of the Superior Court, dated January 11, 1996, is vacated. This case is remanded to the Superior Court for consideration of the appeal on the merits.